## RICHARD ELA, administrator, *versus* HAMLIN RAND.

In an action of assumpsit against a secret partner it is a good plea in abatement that there are other secret partners not named in the writ.

ASSUMPSIT against the defendant as survivng partner of Charles K. White, deceased, upon the following writing, which had been given to the plaintiff's intestate, Joseph Ela.

"*Concord, January* 7, 1820.

Received of Joseph Ela seventy pounds of sole leather to sell and account for at twenty five cents per pound, or return the same on demand.

signed, CHARLES K. WHITE."

The defendant pleaded in abatement of the writ that the several supposed promises and undertakings in the declaration mentioned, if any such were made, were made jointly with one Daniel Rand and one Robert Rand, who were still living, and not by the said Hamlin Rand and the said White alone.

The plaintiff replied, that the said promises were not made jointly by the said Robert and Daniel with the said Hamlin and Charles, and upon this issue was joined.

The cause was tried here at September term, 1827, when it appeared in evidence that the said Daniel Rand lived in the state of Connecticut and that the said Robert lived in Charlestown in the county of Cheshire, and evidence was introduced to prove that at the time the said receipt was given by White there was a partnership between the three Rands and White.

The judge, who tried the cause, directed the jury to find for the plaintiff, if they were satisfied that Robert Rand and Daniel Rand were dormant or secret partners with the said Hamlin and Charles, so that the plaintiff by diligent enquiry could not have learnt that they were partners. And the jury having found for the plaintiff

the defendant moved for a new trial on the ground of a misdirection to the jury in a matter of law.

*Ela, pro se*

*E. Cutts,* for the defendant.

RICHARDSON, C. J.   It is a well settled principle of law that when an action is brought against one partner in a partnership account, he may plead in abatement of the writ that the contract was made by him jointly with another partner who is still alive and not named in the writ.   1 Saund. 291, note 4 ; 18 Johns. 459, *Robertson* v. *Smith ;* 5 Burr. 2611, *Rice* v. *Shute.*

It has been said to be just, that it should be so.   If the defendant calls upon the plaintiff to make all the rest defendants he shall be obliged to do it, that all may assist in the defence, that all may enter into a rateable contribution to pay what shall be recovered, and to take away all colour and pretence of collusion.   2 W. Bl. 949 ; 2 New R. 371.

But when a defendant pleads in abatement of the writ the omission of a party who ought to have been joined, he is bound to plead the whole truth of the case and give the plaintiff a better writ.   And if it turn out in evidence that there are others not named in the plea who ought also to have been joined, the plea is disproved.   2 W. Bl. 951 ; 6 Taunt. 587, *Godson* v. *Good ;* 1 Starkie 296, *Pasmore* v. *Bousfield.*

And in general, when a plaintiff sues a defendant with whom alone he believes he has contracted, but who in truth has a dormant partner, the defendant may plead in abatement, that his partner is not named in the writ.   5 Taunt. 609, *Dubois* v. *Ludert.*

In this case nothing is stated which can bring it within any exception to the general rule.

There are cases in which it may become a question whether the credit was given to the defendant alone or to him with his partners.   2 Starkie 555, *Robey* v. *Haward.*   But in this case there is no pretence, that the cred-

it was given to this defendant alone ; for the contract was made with White and not with the defendant, who was himself a secret partner.

We are therefore of opinion that the jury were misdirected and that there must be

*A new trial granted.*